Judith Katherine EXNER,
Plaintiff-Appellee,

v.

**FEDERAL BUREAU OF INVESTIGATION et al., Defendants-Appellants.**

No. 76–1903.

United States Court of Appeals,
Ninth Circuit.

Sept. 30, 1976.

al of the FBI to comply with plaintiff's demands.

The primary problem is that precise time limits were placed by the Congress on the furnishing of such information by the FBI, which bear no relation in actual practice to the multiple demands placed upon it, or to the capacity of the FBI work force to do the careful and thorough examination required on each such demand.

To put it in another way, the procedures adopted by the FBI in servicing citizens' demands (such as the seriatim consideration of each demand, based almost (but not entirely) on the earliest date of filing the demand) are said to violate the intent of Congress as expressed in 5 U.S.C. § 552(a)(6)(C) which provides:

> "If the Government can show *exceptional circumstances* exist and that the agency is *exercising due diligence* in responding to the request, the court *may* retain jurisdiction and allow the agency additional time to complete its review of the records." (Emphasis added.)

█ It is obvious that the foregoing paragraph gives the district court discretion to allow the government additional time to comply. Here the district court declined to grant further time. There is no showing that in doing so it abused its discretion. Instead, the district judge ordered partial immediate compliance.[1] Instead of complying, the government filed in the district court an *ex parte* motion, based on 5 U.S.C. § 552(a)(6)(C), seeking a stay of plaintiff Exner's civil action pending "government review" of any Exner files.

The government argued that the huge number and volume of demands under the Act had created a backlog and that it was

Eloise Davies, Atty. (argued), Civ. Div., App. Section, Dept. of Justice, Washington, D. C., for defendants-appellants.

Richard C. Leonard (argued), Beverly Hills, Cal., for plaintiff-appellee.

Before BARNES and GOODWIN, Circuit Judges, and TAKASUGI, District Judge.*

BARNES, Senior Circuit Judge:

This action in the district court was brought to compel disclosure to plaintiff within certain specified time limits of information sought from the files of the Federal Bureau of Investigation (herein FBI) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.

It has no relation to any flat refusal by the FBI to act, but to the FBI's refusal (a) to act until it has treated all previous requests, seriatim; and (b) to act until it has satisfied both itself and, in certain matters, the Department of Justice (of which the FBI is a part), that the requested material can properly be made available. It thus deals with what time compliance the courts should order; not on a flat or blanket refus-

---

* The Honorable Robert M. Takasugi, District Judge, Central District of California, sitting by designation.

1. The district court ordered the government within 15 days:
   (1) To file the following information:
   (a) Whether the FBI has any files relating to plaintiff;
   (b) If such a file exists, a description of the file by size; and
   (c) If such a file exists, a detailed list of any exemptions claimed by the government.
   (2) To make immediately available to plaintiff all documents as to which there is no claim of exemption.
   (3) To refrain from disclosing the contents of the files to any other person until plaintiff could review it.

impossible to fulfill Exner's demand without giving her preference over other parties who had filed their demands at an earlier date. Thus, the government asserted that in order to maintain its "first come—first served" policy, Exner should await her turn. On April 20, 1976, the district judge denied the government's motion for a stay. It is from this order which the government appeals.

The issue thus raised is apparently one of first impression in this Circuit. Fortunately, one other Circuit (the District of Columbia Circuit) has considered the problem in *Open America, et al. v. The Watergate Special Prosecution Force, et al.,* No. 76–1371, (decided July 7, 1976).

In that case, and this, the government's defense was that "exceptional circumstance" and "due diligence" was being exercised by the government. While all three judges on the District of Columbia Circuit concurred in the result, the majority (Judges MacKinnon and Wilkey) painted with a broad brush, and according to the concurring judge (Judge Leventhal), went

> "beyond the holding which . . . requires this case to be remanded to the district court for further proceedings, delivers dictum accepting the broad premise for relief asserted by the Department of Justice, dictum in which I do not join."

■ It is not necessary to repeat or discuss the reasoning behind Judge Leventhal's opinion, for it is well stated therein. We accept and approve the majority opinion to the extent it is concurred in by Judge Leventhal. We hold the "first in—first out" consideration of demands, based on date of filing with the FBI, ordinarily seems reasonable, and we hold that the filing of suit by a person demanding information can (but does not necessarily) move such petitioner "up the line," *i. e.,* create a preference, particularly if a Federal Court orders it.

We note that some 400 documents have already been delivered to plaintiff's attorney by the FBI, and that others are being evaluated by persons employed without the FBI, but by the Justice Department. This recent factual development has answered some (but not all) of the questions the district court ordered answered.

We therefore vacate the order of the district court appealed from herein, and remand the case for a determination whether this appellant-defendant is entitled to any relief under 5 U.S.C. § 522(a)(6)(C), in light of the FBI's burden of proof to establish (1) the existence of "exceptional circumstances," (2) that the agency has and is exercising due diligence, and (3) in accordance with this opinion. In other words, the district court still has the right to exercise its discretion in passing on the newly developed facts.

REMANDED.