**James R. MAYOCK, Plaintiff–Appellee,**

v.

**Alan C. NELSON; United States Immigration and Naturalization Service; David N. Ilchert, District Director, Defendants–Appellants.**

No. 89–15977.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1990.

Decided July 10, 1991.

Thomas M. Bondy, U.S. Dept. of Justice, Washington, D.C., for defendants-appellants.

Eric J. Sinrod, Hancock, Rothert & Bunshoft, and James R. Mayock, Crosland, Strand, Freeman & Mayock, San Francisco, Cal., for plaintiff-appellee.

Before HUG, BEEZER and BRUNETTI, Circuit Judges.

BEEZER, Circuit Judge:

In this Freedom of Information Act (FOIA) case, the government appeals the district court's grant of summary judgment and injunctive relief. The court ordered the San Francisco District Office of the

Immigration & Naturalization Service (INS) to respond to aliens' FOIA requests within statutory time-limits and ordered the INS (nationally) to give due consideration for priority to requests by aliens who have an urgent need for the information in pending deportation or exclusion proceedings.

The district court had jurisdiction under 5 U.S.C. § 552(a)(4)(B). This court has jurisdiction under 28 U.S.C. § 1291. Because material facts remain in dispute, we reverse.

## I

James R. Mayock, an immigration attorney, originally brought suit on behalf of aliens he represented. The issues regarding those plaintiffs were resolved; Mayock then proceeded on his own behalf.[1] He alleged the INS has a pattern and practice of (1) failing to produce certain categories of FOIA information and (2) failing to comply with FOIA requests within the statutory, ten-day period. Mayock claimed that this pattern and practice deprives his clients of information necessary to enable them to resist deportation before they are actually deported and their requests rendered moot. *See Mayock v. INS*, 714 F.Supp. 1558, 1559–60 (N.D.Cal.1989).

Before the district court issued its final opinion, the government submitted declarations that set forth the volume of FOIA and Privacy Act requests handled by the San Francisco District Office for each of the past several years. The government also submitted evidence tending to show that in 1987, large employee turnover led to nine vacancies in the INS's FOIA/PA Program.

The district court decided that the steadily increasing number of requests received

by the San Francisco District Office over the past few years is not an "exceptional circumstance" under 5 U.S.C. § 552(a)(6)(C). *See Mayock*, 714 F.Supp. at 1565. The court issued an injunction and ordered the INS to comply with the statutory time-limits.

## II

### *"Exceptional Circumstances" and "Due Diligence" Under § 552(a)(6)(C)*

■ This case centers on whether the government can rely on FOIA's explicit exception to the statutory time-limits, that is, whether there exist "exceptional circumstances" and whether the government has exercised "due diligence" under § 552(a)(6)(C). The government also contends that the district court erred by establishing a class-wide priority for aliens seeking FOIA material. Because the district court granted summary judgment, we review the case de novo. *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989).

### A. *Exceptional Circumstances*

The district court refused to conclude that a steadily increasing workload that creates a "normal" agency backlog is an exceptional circumstance, noting that "the INS has made no showing that it has sought more FOIA resources from Congress or attempted to redirect its existing resources." *Mayock*, 714 F.Supp. at 1565–66.

The government argued that the Immigration Reform and Control Act, enacted in 1986, led to a "surge" in requests for information and a loss of personnel. The facts established by the government reveal an increasingly large workload.[2] The govern-

---

**1.** In an order dated July 6, 1988, the district court determined that, because the complaint alleged a recurring "pattern and practice" of violations, Maycock had standing and his claims were not moot. *Maycock v. INS*, 714 F.Supp. 1558, 1560 (N.D.Cal.1989).

**2.** The Declaration of Tony Ju [CR 93, at 3] established that the San Francisco District Office of the INS received the following number of FOIA requests:

| Year | Received |
|------|----------|
| 1981 | 285 |
| 1982 | 378 |
| 1983 | 512 |
| 1984 | 648 |
| 1985 | 798 |
| 1986 | 1271 |
| 1987 | 1607 |

The Declaration of Russell Powell [CR 108, at 2] established that the San Francisco District Office of the INS received and completed the

ment contends on appeal that a declaration by Russell Powell created a dispute over material facts, including whether the government has attempted to get increased funding in order to reduce its backlog.[3] The government claims that the district court failed to consider the Powell Declaration. Because it is not clear that the district court considered the government's evidence in its entirety, we agree that material facts remain in dispute.

### B. *Due Diligence*

The district court determined that, even if exceptional circumstances existed, the INS had not demonstrated "due diligence" because it failed to give "due consideration for priority to the requests for information by aliens who have urgent need for the information in pending deportation or exclusion proceedings." *Mayock,* 714 F.Supp. at 1568. The government argues that the court improperly is attempting to create a class-wide priority for aliens seeking FOIA information relevant to immigration proceedings.

 The government correctly notes that a person's rights under FOIA are neither diminished nor enhanced by "litigation-generated need" for agency documents. *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 n. 23, 98 S.Ct. 2311, 2327 n. 23, 57 L.Ed.2d 159 (1978). In other words, the need for a document is irrelevant to the question whether a statutory exemption allows the agency to withhold that document. *DOJ v. Reporters Committee for Freedom of the Press,* 489 U.S.

749, 771–72, 109 S.Ct. 1468, 1480–81, 103 L.Ed.2d 774 (1989). Nevertheless, even the majority in *Open America v. Watergate Special Prosecution Force,* 547 F.2d 605 (D.C.Cir.1976), thought Congress intended that a requester with exceptional need should be given priority over other requesters. *See id.* at 615. The Ninth Circuit has said that filing suit under FOIA "can create a preference." *Exner v. FBI,* 542 F.2d 1121, 1123 (9th Cir.1976).

The district court found that the INS gives no special priority to requests needed in time for deportation or exclusion proceedings. *Mayock,* 714 F.Supp. at 1566. Yet, the government admits in its brief that a particular FOIA request accompanied by a showing of genuine urgency warrants priority over pending requests, at least as a matter of agency policy. Summary judgment also was improper on this issue.

We reverse and remand for further proceedings. Mayock's request for fees on appeal under 5 U.S.C. § 552(a)(4)(E) is denied.

### REVERSED and REMANDED.

---

following number of FOIA and Privacy Act requests:

| Year | Received | Completed |
|------|----------|-----------|
| 1985 | 1086 | 970 |
| 1986 | 1287 | 1241 |
| 1987 | 1623 | 1466 |
| 1988 | 2011 | 1679 |

In *Open America v. Watergate Special Prosecution Force,* 547 F.2d 605 (D.C.Cir.1976), by comparison, the number of FOIA requests received by the FBI increased from 447 to 13,875 in one

year. *See* 547 F.2d at 617 n. 3. The number of appeals handled by the DOJ increased from 100 to 1276 in one year. *Id.*

3. The Powell Declaration also tended to show that in 1987, 32 of 50 full-time employees left the INS's FOIA/PA Program and 23 new employees were hired, leaving nine vacancies. [*See* CR 108, at 4]. It is not clear if, or to what extent, these vacancies affected the San Francisco District Office.