961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick James CAMPBELL, Appellant,
v.
UNKNOWN POWER SUPERINTENDENT OF THE FLATHEAD IRRIGATION AND
POWER PROJECT, Appellee.
 No. 91-35104.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 22, 1992.*
Decided April 22, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In late 1987, Patrick James Campbell ("Campbell"), a Montana state prison inmate, wrote to the Superintendent of the Flathead Irrigation Power Project ("Project"), seeking information concerning, inter alia, the construction of power transmission lines on the Flathead Indian Reservation. When he received no reply, Campbell filed the instant pro se action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, naming the Project and its Supervisor as defendants. The district court granted the Project's motion for summary judgment, and Campbell has timely appealed. We review de novo, see Mayock v. Nelson, 938 F.2d 1006, 1007 (CA9 1991), and we reverse.
 
 
 3
 A complainant must first exhaust his administrative remedies before bringing a FOIA claim in federal district court. United States v. Steele (In re Steele), 799 F.2d 461, 465-66 (CA9 1986). However, exhaustion is deemed to have occurred if the agency fails to respond to the complainant's request within ten working days of its receipt. 5 U.S.C. §§ 552(a)(6)(A)(i), (C). Even if the agency fails to respond until after the complainant has filed a FOIA claim in federal district court, "the court may retain jurisdiction and allow the agency additional time to complete its review of the records" if the agency shows both "exceptional circumstances" and "due diligence in responding to the request." 5 U.S.C. § 552(a)(6)(C).
 
 Fee Waiver Requests
 
 4
 Campbell's first contention is that the district court erred by holding that his FOIA claim involved only "the wrongful withholding of information [and] not ... a wrongful denial of a fee waiver." CR # 45 at 3. We agree. Parts II and III of Campbell's complaint specifically identify his previously filed fee waiver requests. In light of the liberality with which we must construe pro se inmate pleadings, we conclude that the district court erred in its determination that Campbell's complaint did not present any issue regarding a wrongful denial of his fee waiver requests.
 
 
 5
 The district court further held that, even if Campbell's complaint did present an issue regarding the wrongful denial of his fee waiver requests, Campbell had failed to exhaust his administrative remedies with respect thereto by not appealing directly to the Department of the Interior's FOIA officer. We have never imposed this requirement on a complainant whose FOIA request was ignored by an agency, and at least one court has expressly rejected the argument that such a requirement should be imposed on a complainant under such circumstances. See Oglesby v. United States Dep't of the Army, 920 F.2d 57, 67, 71 (CADC 1990). Accordingly, we hold that the issue of Campbell's fee waiver requests was properly before the district court.
 
 Additional Information Claim
 
 6
 Campbell's next argument is that the district court erred by ruling that he had waived his claim regarding the providing of additional information by not asserting that claim in opposition to the government's motion for summary judgment. Although this is a close question, we agree with Campbell on this point. Neither of the motions for summary judgment mentioned or discussed any issue regarding a failure to submit additional information, and a court must ordinarily provide a pro se litigant with notice of the requirements for responding to a motion for summary judgment before granting that motion. Klingele v. Eikenberry, 849 F.2d 409, 411 (CA9 1988). In the absence of such notice, we must vacate the grant of summary judgment.[1]
 
 Attorney's Fees
 
 7
 Campbell's final argument is that he should receive attorney's fees for this pro se action, and he asks us to reverse our long-standing rule to the contrary. See Carter v. Veterans Admin., 780 F.2d 1479, 1481 (CA9 1986). Such a course of action is available to the full court sitting in banc, but not to this panel. Accordingly, the request for fees must be denied.
 
 
 8
 REVERSED and REMANDED for further proceedings consistent with the above.
 
 
 
 *
 The panel unanimously finds this case appropriate for decision without oral argument per FRAP 34(a) and CA9 Rule 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by CA9 Rule 36-3
 
 
 [1]
 The district court found that "Defendant's correspondence to Plaintiff constituted compliance with its duty under 5 U.S.C. § 522 [sic] as to the information requested" and that "Defendant provided Plaintiff with the [sic] all of the documents that were within its statutory power to grant". CR # 45 at 3, 4. While such language is not identical to the "exceptional circumstances" and "due diligence" wording of section 552(a)(6)(C), we decline to reach the merits of this ruling in light of our holding on the summary judgment issue