76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John GILMORE, Plaintiff-Appellant,
v.
NATIONAL SECURITY AGENCY, Defendant-Appellee.
 No. 94-16165.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The issues in this appeal are whether the district court abused its discretion in declining to issue an injunction requiring the NSA to improve the timeliness of its Freedom of Information Act (FOIA) processing[1] and whether the district court erred in declining to grant declaratory relief.
 
 
 3
 On May 2, 1994, after reconsidering an earlier order, the district court determined that there were no genuine issues of material fact and granted summary judgment for defendant NSA. Gilmore now appeals. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 ANALYSIS
 
 4
 We review a district court's denial of injunctive relief for an abuse of discretion. Long v. IRS, 693 F.2d 907, 909 (9th Cir.1982). We note that there is "no per se rule requiring the issuance of an injunction upon the showing of [a past violation.]" SEC v. Koracorp Indus., 575 F.2d 692, 701. Rather, the district court may exercise its discretion in granting or denying equitable relief. Id. The district court did not abuse its discretion when it denied Gilmore injunctive relief.
 
 
 5
 In the present case, an injunction against the NSA was not necessary to enforce the FOIA deadlines. First, the statute does not impose a rigid ten-day time frame on the NSA's processing of requests. To the contrary, the Act allows the agency additional time as warranted in specific cases to provide the requested information. Section 552(a)(6)(B) allows the agency an additional ten days in "unusual circumstances," while § 552(a)(6)(C) permits a court to grant the agency an unspecified amount of additional time. Secondly, a person who has not received a timely response to a request is not without remedy. Section 552(a)(6)(C) permits a requester to petition the court to enforce the deadlines. The court may then order the agency to provide the documents or, if the agency is able to show "exceptional circumstances" and "due diligence," may grant additional time. Absent a showing that this remedy is inadequate, injunctive relief is inappropriate.
 
 
 6
 Furthermore, Gilmore has not shown that the NSA's delay in processing requests rises to the level of systemic agency abuse or bad faith that would suggest the propriety of an injunction. In answer to concerns over response time, the NSA has undertaken internal studies of its FOIA operations to identify and correct deficiencies. As a result of these studies, the NSA has increased the size of its FOIA staff from two full-time and one part-time position in 1987, Excerpt of Record (hereinafter "ER"), Tab 13, to eight full-time and two part-time positions in 1992. ER, Tab 1, Paragraph 30. Furthermore, the agency has implemented a two-track "first-in, first-out," "easy-hard" system for processing FOIA requests. ER, Tab 1, Paragraph 25. Under this system, the agency deals with each request in the order that it is received. Requests that are deemed "easy," however, are taken out of line and responded to without delay. This system seems to be a reasonable consideration of the demands of requesters. Exner v. FBI, 542 F.2d 1121, 1123 (9th Cir.1976). Finally, the records maintained by the NSA are diverse and complex and often with access permitted strictly on a need-to-know basis. ER, Tab 1, Paragraph 29. It is unlikely that the NSA could process these requests more quickly given that it must undertake a painstaking review of voluminous sensitive documents before disclosing requested information.
 
 
 7
 In light of these facts, the district court did not abuse its discretion when it denied injunctive relief on Gilmore's pattern and practice claim.
 
 
 8
 Furthermore, the district court did not err when it denied Gilmore declaratory relief. A court that has jurisdiction to issue declaratory relief is under "no compulsion to exercise that jurisdiction." Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942). Rather, "[t]he decision whether to grant declaratory relief is within the sound discretion of the district court." Olagues v. Russoniello, 770 F.2d 791, 803 (9th Cir.1985). The district court declined to issue declaratory relief. Based on the facts discussed above, this decision was within the bounds of "sound discretion," and we decline to overturn it.
 
 CONCLUSION
 
 9
 The facts before the court provided an ample basis to justify a denial of injunctive relief. Furthermore, the court's denial of declaratory relief was within the bounds of "sound discretion." We thus see no reason to disturb either the denial of injunctive and declaratory relief or the subsequent summary judgment in favor of the NSA.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Freedom of Information Act directs agencies to make information available to the public upon request. 5 U.S.C. § 552. It requires agencies to both decide whether to comply with a request for information and inform the requester of the decision within ten days. 5 U.S.C. § 552(a)(6)(A)(i). In unusual circumstances, the agency may extend the deadline for an additional ten days. 5 U.S.C. § 552(a)(6)(B). If the agency fails to comply with these deadlines, the requester is deemed to have exhausted his or her administrative remedies and may petition the court for redress. 5 U.S.C. § 552(a)(6)(C)