74 F.3d 1245
 77 A.F.T.R.2d 96-1016
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GALEDRIGE CONSTRUCTION INC., Plaintiff-Appellant,
v.
UNITED STATES INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 94-16628.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1995.
Decided Jan. 22, 1996.
 
 Before: ALDISERT,* SCHROEDER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Galedrige Construction, Inc., appeals the district court's order denying its motion for attorney's fees pursuant to the Freedom of Information Act, 5 U.S.C. Sec. 552(a)(4)(E), and its motion for sanctions. We affirm the district court's order.
 
 
 3
 The Freedom of Information Act ("FOIA") allows the district court to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case ... in which the complainant has substantially prevailed." See 5 U.S.C. Sec. 552(a)(4)(E). The award of attorney's fees is not mandatory, Long v. IRS, 932 F.2d 1309, 1313 (9th Cir.1991) (per curiam); the complainant must establish both eligibility for and entitlement to attorney's fees, id.; Church of Scientology v. United States Postal Serv., 700 F.2d 486, 489-90 (9th Cir.1983).
 
 
 4
 To demonstrate eligibility for attorney's fees under FOIA, "[t]he plaintiff must show that: (1) the filing of the action could reasonably have been regarded as necessary to obtain the information; and (2) the filing of the action had a substantial causative effect on the delivery of the information." Church of Scientology, 700 F.2d at 489 (citation omitted).
 
 
 5
 A lawsuit is not necessary, however, where "an unavoidable delay accompanied by due diligence in the administrative processes ... was the actual reason for the agency's failure to respond to a request." Id. at 491 (citing Cox v. Department of Justice, 601 F.2d 1, 6 (D.C.Cir.1979)).
 
 
 6
 The district court found that "[g]iven the number of cases pending before the IRS and the time consuming nature of the decision process, ... the IRS' failure to respond was most likely the result of unavoidable delay accompanied by due diligence." This finding was not clearly erroneous. It therefore correctly ruled that the plaintiff was not eligible for fees. The district court also denied the plaintiff's motion for sanctions based upon the asserted bad faith of the IRS. As the district court's findings reflect, there was no bad faith in the failure of the IRS to meet the statutory deadline.
 
 
 7
 Galedrige also contends that the district court should award sanctions because the IRS uses a "first in--first out" system of responding to appeals instead of a two-track system which would separate substantive appeals from simpler, procedural appeals. Galedrige relies on this court's approval of the concurring opinion in Open America v. Watergate Special Prosecution Force, 547 F.2d 605, 616-621 (D.C.Cir.1976) (Leventhal, J., concurring), to support this argument, see Exner v. FBI, 542 F.2d 1121, 1123 (9th Cir.1976). There is no showing in this record of any urgency like that present in Exner, supra. and Exner v. FBI, 443 F.Supp. 1349, 1353 (S.D.Cal.1978). Although this court has endorsed the reasoning of Judge Leventhal's concurring opinion in Open America, this court went on to "hold [that] the 'first in--first out' consideration of demands ... ordinarily seems reasonable...." Exner, 542 F.2d at 1123.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3