John GILMORE, Plaintiff,

v.

**U.S. DEPARTMENT OF ENERGY, Defendant.**

**No. C–95–0285 WHO.**

United States District Court,
N.D. California.

Sept. 14, 1998.

---

Lee Tien, Berkeley, CA, for plaintiff.

Robert S. Mueller, III, United States Attorney, Mary Beth Uitti, Assistant United States Attorney, San Francisco, CA, Elizabeth A. Pugh, Daphene R. McFerren, U.S. Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

ORRICK, District Judge.

In this action brought by John Gilmore ("Gilmore") against the United States Department of Energy ("DOE") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Court has previously granted summary judgment for the DOE on a number of Gilmore's claims. The DOE now moves to dismiss the remainder of the action for lack of subject matter jurisdiction and lack of standing or, alternatively, to limit the relief sought in Gilmore's proposed injunction. Gilmore has filed a cross-motion for summary judgment on the issues of subject matter jurisdiction and standing. For the reasons set forth hereinafter, the DOE's motion is denied in its entirety, and Gilmore's motion for summary judgment on the issues of subject matter jurisdiction and standing is granted.

I.

On December 8, 1993, Gilmore filed a FOIA request with the DOE. Gilmore requested access to all agency records pertaining to the CLERVER conferencing technology, which allows people in different geographical locations to simultaneously collaborate on complex technical drawings and schematics using their desktop computers. By letter dated May 2, 1994, the DOE denied Gilmore's request in its entirety. On May 27, 1994, Gilmore appealed the DOE's denial of his request. On June 29, 1994, the DOE denied Gilmore's appeal.

This action was filed on January 24, 1995, and an amended complaint was filed on March 2, 1995. On March 13, 1998, the Court granted summary judgment for the DOE on Gilmore's claim that the DOE violated the FOIA by withholding CLERVER and related documentation. The Court also granted summary judgment for the DOE on Gilmore's claim that the DOE's initial determination of his FOIA request was so inadequate that it denied him a meaningful appeal, and that the DOE's contractor records regulation, 10 C.F.R. § 1004.3(e), violates the FOIA. The Court denied summary judgment on the issue of whether the DOE has a

pattern and practice of untimely responses to FOIA requests. The Court noted that the parties had not briefed the issue in great detail, having spent most of their briefing arguing why CLERVER is or is not subject to disclosure under the FOIA, and requested further briefing on the extent of the DOE's compliance with the FOIA time limitations. Gilmore seeks a declaratory judgment that the DOE's failure to comply with FOIA time limits is unlawful and seeks an order enjoining the DOE from failing to process FOIA requests within the statutory period.

## II.

The DOE now moves to dismiss the action for lack of subject matter jurisdiction, contending that because the Court found that the DOE did not improperly withhold any agency records, the Court is without jurisdiction to hear Gilmore's other FOIA claims. Alternatively, the DOE moves to dismiss Gilmore's pattern or practice claim for delay in the processing of FOIA requests because he lacks standing. Failing that, the DOE requests that the Court limit the relief Gilmore may seek on his pattern or practice claim.

## A.

The DOE's contention that the Court lacks subject matter jurisdiction over Gilmore's claim that the DOE has a pattern or practice of delay in processing FOIA requests is unpersuasive.

■ The FOIA expressly grants jurisdiction in the district courts to enjoin an agency from improperly withholding agency records. 5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). "Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." *Id.* The Supreme Court has noted, albeit in dic-

ta, that "[e]ven when an agency does not deny a FOIA request outright, the requesting party may still be able to claim 'improper' withholding by alleging that the agency has responded in an inadequate manner." *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 151 n. 12, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989) (citations omitted) (referring to time limit violations for FOIA compliance as set forth in 5 U.S.C. § 552(a)(6)(C)). Other courts, including the Ninth Circuit, have similarly recognized that the Court has jurisdiction to hear a claim alleging a pattern and practice of unreasonable delay in responding to FOIA requests,[1] even where the plaintiff's FOIA request had already been resolved. *See, e.g., Mayock v. Nelson*, 938 F.2d 1006, 1006 (9th Cir.1991); *Payne Enter., Inc. v. United States*, 837 F.2d 486, 491 (D.C.Cir.1988); *see also Long v. United States IRS*, 693 F.2d 907, 909 (9th Cir.1982) (citation omitted) ("In utilizing its equitable powers to enforce the provisions of the FOIA, the district court may consider injunctive relief where appropriate ... to bar future violations that are likely to occur.") Accordingly, the Court found in its summary judgment opinion that even though Gilmore's FOIA request was properly denied, Gilmore has an independent cause of action against the DOE for violating the FOIA by failing to respond to his request and others within the statutory time limits. *See Payne*, 837 F.2d at 491 (internal quotation marks deleted) (quoting *Lybarger v. Cardwell*, 577 F.2d 764, 767 (1st Cir.1978)) ("Courts have long recognized that there may very well be circumstances in which prolonged delay in making information available or unacceptably onerous opportunities for viewing disclosed information require judicial intervention.")

The DOE argues that these cases are distinguishable because, here, the Court has already found that the documents Gilmore sought were not improperly withheld, while

---

1. At the time of Gilmore's request, an agency was required to issue a decision on a FOIA request within ten business days. 5 U.S.C. § 552(a)(6)(A)(i) (1993). In unusual circumstances, that time period could be extended by another ten days. 5 U.S.C. § 552(a)(6)(B) (1993). In 1996, the initial time period for issuing a decision on a FOIA request was extended to twenty days. 5 U.S.C. § 552(a)(6)(A)(i) (1998).

In unusual circumstances, this initial period for review of FOIA requests now may be extended for ten days or longer, depending upon the circumstances. 5 U.S.C. § 552(a)(6)(B) (1998). The DOE's own regulations also provide for these deadlines. 10 C.F.R. § 1004.5(d) (1997). Gilmore's FOIA request was filed on December 8, 1993. The DOE first denied his request by letter dated May 2, 1994, nearly six months later.

in *Mayock, Payne* and *Long,* agencies improperly refused to disclose documents.[2] The cases do not make this distinction, however, and the Supreme Court appears to consider an untimely response to a FOIA request to be a separate injury to the requesting party, even if the requested document could be properly withheld. *Tax Analysts,* 492 U.S. at 151 n. 12, 109 S.Ct. 2841.

The legislative history of the FOIA also supports this view. Congress has repeatedly stressed the need for timely compliance with the requirements of the FOIA. When the ten-day time limit for responding to FOIA requests was added to the FOIA in 1974, Congress noted that it was doing so "in order to contribute to the fuller and faster release of information, which is the basic objective of the Act." H.Rep. No. 876, 93d Cong., 2d Sess., reprinted in 1974 U.S.Code Cong. & Admin.News 6267, 6267.

> [I]nformation is often useful only if it is timely. Thus, excessive delay by the agency in its response is often tantamount to denial. It is the intent of this bill that the affected agencies be required to respond to inquiries and administrative appeals within specific time limits.

*Id.* at 6271. Congress rejected a proposal by the Senate to extend the deadline to reply to a FOIA request for another thirty working days under certain conditions. S.Conf.Rep. No. 1200, 93d Cong., 2d Sess.1974, reprinted in 1974 U.S.Code Cong. & Admin.News 6285, 6289. There can be no doubt that Congress took these deadlines very seriously.

When Congress recently extended the time limit for responding to FOIA requests, it continued to express concern that agencies were dragging their feet in responding to FOIA requests. "[M]any agencies have failed to process FOIA requests within the deadlines required by law. These delays in responding to FOIA requests continue as one of the most significant FOIA problems." H.Rep. No. 795, 104th Cong., 2d Sess., reprinted in 1996 U.S.Code Cong. & Ad-

min.News 3448, 3456. Senator Leahy, among others, provided testimony criticizing the failure of agencies to comply with the statutory time limits:

> Long delays in access can mean no access at all. The current time limits in the FOIA are a joke. Few agencies actually respond within the 10–day limit required by law. Such routine failure to comply with the statutory time limits is bad for morale in the agencies and breeds contempt by citizens who expect government officials to abide by, not routinely break, the law.

*Id.* at 3459. Accordingly, Congress made several changes to the FOIA to address "the single most frequent complaint about the operation of the FOIA: agency delays in responding to FOIA requests" and to underscore "the requirement that agencies respond to requests in a timely manner[.]" *Id.* at 3466. Allowing agencies more time to respond to FOIA requests thus appears to have been a policy decision by Congress to provide more realistic time limits in order to secure more widespread compliance with those time limits.

▮ All of this strongly suggests that an agency's failure to comply with the FOIA's time limits is, by itself, a violation of the FOIA, and is an improper withholding of the requested documents. *See, e.g., McGehee v. CIA,* 697 F.2d 1095, 1110 (D.C.Cir.1983) ("a system adopted by an agency for dealing with documents of a particular kind constitutes 'withholding' of those documents if its net effect is significantly to impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them.") This is true regardless of whether the documents are ultimately determined not to be subject to disclosure. This Court found that the CLERVER documents Gilmore sought were not agency records and, even if they were agency records, would have been properly

---

2. The DOE also relies heavily on language taken out of context from *Oglesby v. United States Department of the Army,* 920 F.2d 57 (D.C.Cir. 1990). The issue in that case, however, was when exhaustion of administrative remedies is required before filing suit in Court. Here, it is undisputed that Gilmore exhausted his adminis-

trative remedies by filing an appeal of the the DOE's denial of his FOIA request before filing a complaint in this Court. There was no claim in *Oglesby* that the Army had a pattern and practice of late responses to FOIA requests. *Oglesby* thus has no relevance to the issues presented here.

withheld pursuant to FOIA Exemption 4. The documents were still improperly withheld, however, because unless an agency makes a timely determination that documents should or should not be disclosed, either because they fall within one of the FOIA exemptions or because they are not considered to be agency records, there is no compliance with the FOIA. Documents first must be determined to fall outside of the FOIA before they can be withheld. *See* 5 U.S.C. § 552(d) ("This section does not authorize withholding of information or limit the availability of records to the public, except as specifically stated in this section.") The legislative history is clear that Congress intends that agencies make every effort to comply with the statutory time limits for making these determinations.

> Agencies should inform Congress of the additional resources needed to fully comply with the FOIA. In the absence of such information on budget requests and management initiatives, the complaint by agencies that Congress has denied the resources necessary to comply with the statutory deadlines is unsupportable.

H.Rep. No. 795, 104th Cong., 2d Sess., reprinted in 1996 U.S.Code Cong. & Admin.News 3448, 3472. Accordingly, the Court finds that the DOE's failure to make a timely determination as to whether CLERVER and its associated documents should be disclosed constituted an improper withholding of those documents in violation of the FOIA, even though the documents were later correctly determined not to be subject to disclosure. Because the documents were improperly withheld, this Court has jurisdiction over Gilmore's claim that the DOE has a pattern or practice of untimely responses to FOIA requests.

Accordingly, the DOE's motion to dismiss for lack of subject matter jurisdiction is denied, and Gilmore's motion for summary judgment on the issue of whether the Court has subject matter jurisdiction to hear his claim that the DOE has a pattern and practice of untimely responses to FOIA requests is granted. The Court has jurisdiction to hear Gilmore's claim.[3]

**B.**

The DOE argues that even if the Court determines that it has subject matter jurisdiction to hear Gilmore's pattern and practice claim, it should still dismiss the action for lack of standing. This argument also fails.

 The Supreme Court has established that the minimum constitutional requirements for standing are: (1) the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The party invoking federal jurisdiction bears the burden of establishing standing. *Id.* at 561, 112 S.Ct. 2130.

 In addition to the constitutional requirements, there are also three prudential requirements for standing: (1) the plaintiff must assert his own legal rights, and cannot rest his claim to relief on the legal rights and interests of third parties; (2) the plaintiff's complaint must fall within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question; and (3) the injury must be individualized or confined to a discrete group, and not an abstract question of wide public significance, pervasively shared and most appropriately addressed in the representative branches of the government. *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 474–75, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).

 The only element that the DOE challenges is the requirement that Gilmore must have suffered an injury in fact. The DOE

---

**3.** Because the Court has determined that it has jurisdiction under the FOIA to hear Gilmore's claim, it need not determine whether it also has jurisdiction under the Administrative Procedure Act or the Fifth Amendment of the United States Constitution.

contends that because Gilmore's FOIA request was correctly denied, albeit in an untimely manner, he suffered no actual injury when the DOE failed to make a determination on his request within the FOIA time limits. The Court has already rejected this argument. The legislative history, as quoted in the previous section, demonstrates that Congress intentionally set harsh time limits for agencies to respond to FOIA requests because it recognized that information is often useful only if it is timely. H.Rep. No. 876, 93d Cong., 2d Sess., reprinted in 1974 U.S.Code Cong. & Admin.News 6267, 6271. The DOE's failure to process Gilmore's FOIA request in a timely manner was itself an injury—an invasion of a legally protected interest, as defined in *Defenders of Wildlife*, 504 U.S. at 560, 112 S.Ct. 2130. *See also Churchill County v. Babbitt*, 150 F.3d 1072, 1077 (9th Cir.1998) (quoting *Defenders of Wildlife*, 504 U.S. at 572, 112 S.Ct. 2130) ("A plaintiff may claim 'procedural standing' when, for example, it seeks 'to enforce a procedural requirement the disregard of which could impair a concrete interest of [the plaintiff's].' ") Congress has made it clear that a person filing a FOIA request has a concrete interest in prompt processing of that request.

The remaining constitutional standing factors are not in dispute. There is no doubt that the injury is directly traceable to the DOE's actions. Furthermore, as Gilmore's attorney has attested that he has filed another FOIA request with the DOE on Gilmore's behalf earlier this year, and has discussed the filing of yet another FOIA request, Gilmore has shown that the threat of ongoing injury to him can be redressed by an injunction requiring the DOE to adhere more closely to the FOIA time limitations.[4] Thus, the constitutional requirements for standing have been met.

There is no dispute that the prudential requirements have been met—Gilmore is asserting his own legal rights, his complaint is within the zone of interests protected by the statute, and he has an individualized injury, because his own FOIA request to the DOE was processed in an untimely manner.

Accordingly, Gilmore has standing to assert his claim against the DOE alleging a pattern or practice of untimely responses to FOIA requests. The DOE's motion to dismiss the action for lack of standing is denied. Gilmore's motion for summary judgment on the issue of standing is granted.

## C.

The DOE's final argument is that even if the Court finds that it has subject matter jurisdiction, and that Gilmore has standing, the Court should strike some of the requested relief from Gilmore's proposed injunction. This is premature. Gilmore's proposed injunction identifies various possible methods of rectifying the alleged pattern and practice of untimely responses by the DOE to FOIA requests. The Court will determine whether any of the requested relief is appropriate after receiving briefs on the merits of Gilmore's claim. Accordingly, the DOE's motion to limit the relief sought in Gilmore's proposed injunction is denied.

## III.

In its Opinion and Order of March 13, 1998, the Court ordered the parties to file cross-motions for summary judgment on Gilmore's claim that the DOE has a pattern or practice of late responses to FOIA requests. The Court ordered the parties to meet and confer to set a briefing schedule for these motions, and further ordered that "[i]f Gilmore's inability to obtain discovery on the DOE's practice in complying with FOIA requests prevents him from filing the necessary factual support for his motion, he shall file a declaration, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, itemizing the discovery he feels is necessary to adequately address the issue." (Opinion & Order at 28 ¶ 2(c).) Pursuant to Civil Local Rules 16–1(c)(2) and (h), discovery in FOIA cases may proceed only at the time and to the extent ordered by the district judge. The Court ordered that, if it found that it had subject matter jurisdiction over Gilmore's pattern and practice claim, and that

4. In addition, "[t]he person who has been accorded a procedural right to protect his concrete interests can assert that right without meeting all

the normal standards for redressability and immediacy." *Defenders of Wildlife*, 504 U.S. at 573 n. 7, 112 S.Ct. 2130.

Gilmore had standing to pursue it, Gilmore could then file an expedited discovery motion setting forth the precise discovery that he seeks to take, including copies of the interrogatories and document production requests that he seeks to propound, and the names of the persons he seeks to depose or who will receive written discovery requests. (Order filed May 12, 1998, at 2–3.)

Gilmore has submitted a Rule 56(f) declaration attesting that he needs to take discovery on a variety of matters relating to the DOE's processing of FOIA requests. Now that it has been established that this Court has subject matter jurisdiction over Gilmore's pattern and practice claim, and that Gilmore has standing to assert it, the Court finds that discovery may properly commence, within the limits set forth in the Federal Rules of Civil Procedure, on the DOE's policies and practices for responding to FOIA requests, and the resources allocated to ensure its compliance with the FOIA time limitations. There is no need for Gilmore to file an expedited discovery motion; the discovery is necessary and should be taken.

The parties shall submit a stipulated discovery schedule and stipulated briefing schedule for the cross-motions for summary judgment by September 22, 1998. The discovery schedule shall detail the discovery tools the parties plan to use (e.g., depositions, interrogatories, document production requests). In addition, the discovery schedule shall include the names of persons who will be deposed or who will receive discovery requests, the dates on which any depositions will occur or any requests will be served, and the purpose of each deposition or discovery request.

### IV.

Accordingly,

IT IS HEREBY ORDERED that:

1. The DOE's motion to dismiss the remainder of the action for lack of subject matter jurisdiction is DENIED.

2. Gilmore's motion for summary judgment on the issue of subject matter jurisdiction is GRANTED.

3. The DOE's motion to dismiss the remainder of the action for lack of standing is DENIED.

4. Gilmore's motion for summary judgment on the issue of standing is GRANTED.

5. The DOE's motion to limit the relief sought in Gilmore's form of proposed injunction is DENIED, as premature.

6. The parties shall submit a stipulated discovery schedule, and stipulated briefing schedule for the cross-motions for summary judgment, by September 22, 1998.