**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROGER LIVERMAN, JR.,

   Plaintiff-Appellant,

v.

THE OFFICE OF THE INSPECTOR
GENERAL, UNITED STATES
DEPARTMENT OF TREASURY,

   Defendants-Appellees.

No. 04-4205
(D.C. No. 2:03-CV-619-DB)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **McCONNELL** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Roger Liverman, Jr., appearing pro se, appeals the district court's summary judgment dismissal of his complaint alleging that the defendant, the Office of the Inspector General for the United States Department of the Treasury (OIG), failed to comply with his Freedom of Information Act (FOIA) request. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Background

Plaintiff has a lengthy history of FOIA litigation. In 1991, plaintiff sought a reward from the Internal Revenue Service (IRS) for providing information about the employment practices of his former employer. The IRS denied his request, and plaintiff later initiated a FOIA complaint in federal court against the IRS, which was dismissed on summary judgment by the United States District Court for the District of Columbia. Plaintiff then filed complaints with the OIG regarding the IRS' denial of his requested reward, and the OIG's internal Office of Oversight conducted an independent investigation and review (the Oversight Review).

In 1997, plaintiff sought access to all records and information pertaining to the Oversight Review pursuant to FOIA. Shortly thereafter, he filed a FOIA complaint in federal court against the OIG's Office of Oversight. The Office of Oversight released 605 pages of material to plaintiff, but withheld other documents. The United States District Court for the District of Utah granted

summary judgment in favor of the OIG on plaintiff's FOIA complaint. Plaintiff then filed another FOIA request for materials, this time with the OIG's Office of Disclosure Services, again seeking copies of all documents pertaining to the Oversight Review. A few months later, he filed another FOIA complaint in federal court against the OIG. The OIG withheld some documents, but released 46 pages of documents, and plaintiff voluntarily dismissed his FOIA complaint.

At issue in this appeal is a third FOIA request that plaintiff sent to the OIG in March 2003, again seeking copies of all documents pertaining to the Oversight Review. The OIG sent plaintiff a preliminary response in June 2003, detailing the amount of materials it would need to review in order to comply with his request. The OIG also suggested that plaintiff narrow his records request because he already possessed much of the material pursuant to his earlier FOIA requests. Plaintiff did significantly narrow his request. Nevertheless, he filed a third FOIA complaint in federal court against the OIG a month later. At plaintiff's behest, the district court granted a stay of the proceedings to allow the OIG time to complete the FOIA request. In November 2003, the OIG informed plaintiff that it had reviewed 8,750 pages and had concluded that only one document was responsive to plaintiff's narrowed FOIA request, which it provided to him.

The parties then filed cross-motions for summary judgment. In its motion, the OIG submitted an affidavit explaining in detail the steps it undertook in its

search for responsive documents. The magistrate judge issued a report recommending that the OIG's motion for summary judgment be granted. She concluded that the OIG had fully discharged its obligations under FOIA. She noted the undisputed evidence that the OIG conducted a reasonable and thorough search of its records over an eight-month period, that the search was reasonably calculated to uncover all relevant documents, and that the OIG had produced all of the responsive documents. Further, she determined that the OIG had timely corresponded with plaintiff in an attempt to meet his FOIA requests. The magistrate judge also concluded, contrary to plaintiff's request, that neither an award of fees under 5 U.S.C. § 552(a)(4)(E), nor a finding of arbitrary and capricious withholding under 5 U.S.C. § 552 (a)(4)(F), was warranted in this case. Finally, the magistrate judge recommended the denial of plaintiff's motions to stay proceedings, to compel disclosures, for judgment on the pleadings, and for a hearing. Following a de novo review, the district court adopted the magistrate judge's report and recommendation and granted the OIG's motion for summary judgment.

Analysis

"We review the district court's grant of summary judgment de novo." *Herrick v. Garvey*, 298 F.3d 1184, 1189 (10th Cir. 2002) (reviewing summary judgment in FOIA suit).

The standard governing a grant of summary judgment in favor of an agency that claims it has fully discharged its FOIA disclosure obligations is well established. . . . [T]he agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact. To meet this burden, the agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents. . . . The adequacy of the search, in turn, is judged by a standard of reasonableness and depends . . . upon the facts of each case. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith.

*Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quotations omitted)

On appeal, plaintiff first makes the bald, unsupported claim that the district court ignored the law and the issues raised in his complaint because he was proceeding pro se. Plaintiff does not explain how he believes the district court ignored the law, and his perfunctory claim fails to frame and develop an issue sufficient to invoke appellate review. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994). Plaintiff contends the district court should not have dismissed his complaint for failure to state a claim, but he misunderstands the district court's ruling. The district court did not dismiss plaintiff's complaint for failure to state a claim, which is governed by Federal Rule of Civil Procedure 12(b)(6), but granted summary judgment under Federal Rule of Civil Procedure 54(b). In this regard, the OIG properly supported its motion for summary judgment with a detailed and nonconclusory affidavit indicating that it had

conducted a search reasonably calculated to uncover all relevant documents. Plaintiff offered no evidence to the contrary, and he raises no genuine issue of material fact with regard to the adequacy of the search for information conducted by the OIG in response to his request. Thus, the district court properly granted summary judgment in favor of the OIG.

Plaintiff next contends that the OIG has a pattern and practice of not responding to his FOIA requests in a timely manner and that the district court erroneously rejected this claim and erred in denying his request for an injunction on any future violations. *See Mayock v. Nelson*, 938 F.2d 1006, 1008 (9th Cir. 1991) (holding that party may bring a claim for a pattern and practice of unreasonable delay in responding to FOIA requests); 5 U.S.C. § 552(a)(6)(A)(i) (requiring an agency to respond to a FOIA request within twenty working days).

Based on our de novo review of the record, we conclude there is no pattern of unreasonable delay in the OIG's responses to plaintiff's FOIA requests in this case. The OIG sent a response to plaintiff within twenty days of the receipt of his FOIA request. Though the response was initially sent to an incorrect address, the OIG immediately resent the response to plaintiff's correct address, and it continued thereafter to correspond with plaintiff throughout its search process. Plaintiff complains about delay in his earlier FOIA requests, but there was no finding of delay in the first FOIA action against the OIG, and plaintiff voluntarily

dismissed his second FOIA complaint. Thus, the district court did not err in finding no merit to this claim.

Finally, plaintiff contends the district court improperly denied his motion to compel discovery. Plaintiff filed a motion generally seeking the name of all persons likely to have discoverable information relevant to his FOIA complaint. The district court denied this motion after concluding that the OIG was entitled to summary judgment based on the detailed, nonconclusory and undisputed affidavit it had submitted.

"Affidavits submitted by an agency are accorded a presumption of good faith; accordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face." *Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (quotation omitted). "When this is the case, the district court may forgo discovery and award summary judgment on the basis of affidavits." *Id.* (quotation and citation omitted). "In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate." *Id*. (citation omitted). Plaintiff did not make any such showing,

and we find no abuse of the district court's discretion in denying plaintiff's motion to compel discovery.   *See id.* at 813 (applying abuse of discretion standard to application for discovery in FOIA case).

The judgment of the district court is AFFIRMED.  Plaintiff's Motion to Address Bias is DENIED.


Entered for the Court


David M. Ebel
Circuit Judge