James E. PIETRANGELO, II, Plaintiff–Appellant,

v.

UNITED STATES ARMY, Defendant–Appellee.

No. 07–3124–cv.

United States Court of Appeals, Second Circuit.

June 4, 2009.

James E. Pietrangelo, II, South Burlington, Vt., pro se lawyer.

Carol L. Shea, Assistant United States Attorney, for Thomas D. Anderson, United States Attorney for the District of Vermont, Burlington, Vt., for Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant James Pietrangelo appeals the decision of the United States District Court for the District of Vermont (Sessions, *J.* ), which granted in part and denied in part Pietrangelo's motion for summary judgment and granted in part and denied in part Defendant–Appellee, the United States Army's ("Army") motion for summary judgment. Pietrangelo brought an action against the Army for alleged violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Pietrangelo moved for summary judgment, arguing, *inter alia* (1) that the Army improperly denied his motion for a fee waiver, (2) that the Army had a pattern or practice of violating the FOIA, (3) that he should have been allowed discovery on his pattern or practice claim, and (4) that he

was entitled to attorneys' fees and litigation costs he incurred in bringing this FOIA action. The District Court granted Pietrangelo's motion for summary judgment as to the fee-waiver issue, but denied his motion and granted the Army's motion for summary judgment as to the pattern or practice, discovery, attorneys' fees, and litigation costs claims.

We have filed a separate opinion on the issue of whether a lawyer such as Pietrangelo appearing *pro se* in a FOIA case is eligible for attorneys' fees under FOIA's fee-shifting provision, 5 U.S.C. § 552(a)(4)(E). The remaining issues are considered summarily herein. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

## I. Pattern and Practice Claim

Pietrangelo contends that the District Court erred in granting summary judgment for the Army on his claim that the Army had a "pattern or practice" of violating the FOIA. We review the District Court's grant of summary judgment *de novo*. *See Howley v. Town of Stratford,* 217 F.3d 141, 151 (2d Cir.2000). Summary judgment is warranted when, after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *June v. Town of Westfield,* 370 F.3d 255, 257 (2d Cir.2004).

The United States Supreme Court has stated that, "[e]ven when an agency does not deny a FOIA request outright, the requesting party may still be able to claim 'improper' withholding by alleging that the

agency has responded in an inadequate manner." *U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 151 n. 12, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989). Other circuits and district courts have therefore concluded that a plaintiff may bring an independent claim alleging a pattern or practice of violating the FOIA. *See, e.g., Mayock v. Nelson,* 938 F.2d 1006, 1007–08 (9th Cir.1991); *Payne Enters., Inc. v. United States,* 837 F.2d 486, 491 (D.C.Cir. 1988); *see also Nkihtaqmikon v. Bureau of Indian Affairs,* 493 F.Supp.2d 91, 114 (D.Me.2007). This Court has not yet recognized or articulated the inquiry relevant to a pattern or practice claim in the FOIA context, but we need not do so here. On the facts presented, the District Court did not err in granting summary judgment for the Army on this claim.

## II. Discovery

Additionally, the District Court did not abuse its discretion in denying Pietrangelo's motion for discovery on his pattern or practice claim. *See Grand Cent. P'ship, Inc. v. Cuomo,* 166 F.3d 473, 488 (2d Cir. 1999) (this Court will not disturb a district court's ruling on a motion to compel discovery unless there is a "clear showing of abuse of discretion") (internal quotation marks omitted). A district court may "forgo discovery and award summary judgment on the basis of affidavits," in FOIA cases if the affidavits submitted by the agency (a) "indicat[e] that the agency has conducted a thorough search" and (b) "giv[e] reasonably detailed explanations" as to its decisions regarding the FOIA request. *Carney v. U.S. Dep't of Justice,* 19 F.3d 807, 812 (2d Cir.1994) (internal quotation marks omitted). These affidavits are "accorded a presumption of good faith." *Id.* (internal quotation marks omitted). Once the agency has produced adequate affidavits, "the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's

affidavits or declarations," in order to justify discovery. *Id.* Pietrangelo did not make an adequate showing of bad faith, and is consequently not entitled to discovery.

## III. Litigation Costs

Pietrangelo contends that the District Court erred in denying him compensation for his litigation costs. The FOIA provides that "[t]he court *may* assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i) (emphasis added). After examining all the facts of this case, we find that the District Court did not abuse its discretion in concluding that Pietrangelo was not entitled to litigation costs.

We have considered all of Pietrangelo's additional claims and find to be them without merit. Accordingly, the judgment of the District Court is AFFIRMED.