**Eldridge and Kathleen CLEAVER,
Plaintiffs,**

v.

**Clarence M. KELLEY et al., Defendants.**

**Civ. A. No. 76–795.**

United States District Court,
District of Columbia.

May 27, 1976.

---

Terry F. Lenzner, Robert B. Cornell, Washington, D. C., for plaintiffs.

Rex E. Lee, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., Joseph Guerrieri, Barbara Ward, Bruce E. Titus, Dept. of Justice, Asst. U. S. Attys., Washington, D. C., for defendants.

## OPINION

JUNE L. GREEN, District Judge.

This action is brought pursuant to the Freedom of Information Act, as amended, 5 U.S.C. § 552, *et seq.,* and 28 U.S.C. § 1361. Plaintiffs are seeking to compel the United States Department of Justice (DOJ) and the Federal Bureau of Investigation (FBI), or their directors, to disclose the contents of certain files in defendants' possession relating to the plaintiffs prior to Mr. Cleaver's trial on June 14, 1976, in California on state criminal charges.

Pending before the Court are plaintiffs' motion for preliminary injunction and defendants' opposition thereto, and motion to dismiss and to stay further proceedings. The trial on the merits was consolidated with a hearing on the motions on May 20, 1976, and with further hearings on May 26, 1976. Rule 65(a)(2) F.R.Civ.P.

On February 27, 1976, plaintiffs' attorney sent a letter to the Deputy Attorney General, DOJ, requesting "any and all records, materials, files, memoranda and papers which refer, directly or indirectly in any manner, to the person or activities of Eldridge Cleaver . . . and Kathleen Cleaver." Expedited treatment of the material was requested since the information was thought to be pertinent to Mr. Cleaver's imminent trial in the state court in California. The letter was referred to the FBI and Criminal Division, DOJ, for separate determinations and responses.

By letter dated March 19, 1976 to plaintiffs' attorney, the Director of the FBI acknowledged receipt of the request and advised plaintiffs that due to the heavy volume of Freedom of Information and Privacy Act (FOIPA) requests, and in an attempt to deal with each one equitably, the Agency was processing the requests in chronological order based on the date received, and that all documents which would be released would be available under this condition at the earliest possible date. Further correspondence from plaintiffs was sent requesting expedited treatment, which request was again denied based on the chronological processing policy. On May 7, 1976, the instant action was filed with a motion for a temporary restraining order, which was denied. Following the aforementioned proceeding, and before a hearing on the merits, counsel for plaintiffs and counsel and agents for the defendants met in an attempt to narrow the request, define the volume of material sought and possibly retrieve the files which were most pertinent.

■ Plaintiffs assert that, in effect, their request has been denied since it was not processed within the specific time provisions of the Act, 5 U.S.C. § 552(a)(6)(A), and thus the defendants should be compelled to furnish information on an expedited basis. Defendants have responded that they have not denied the request but are only following the so-called "chronological processing policy" which, under the exceptional circumstances presented by the heavy volume of FOIA requests, conforms the agency's conduct to the law.

The crux of this action is whether the Agency has complied with the Act in its failure to process plaintiffs' request under the time deadlines set forth at 5 U.S.C. § 552(a)(6)(A).

Although the Act specifies stringent time deadlines within which requests are to be processed, it also allows for alternative procedures under exceptional circumstances. Under 5 U.S.C. § 552(a)(6)(C), the Act provides:

"If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency

additional time to complete its review of the records."

In 1973, the FBI, with an FOIA staff of eight people, received approximately one request a day and processed them without undue delay. The requests, however, have increased enormously. In 1975, an average of 53 requests a workday were received. During the first two months of 1976 alone, 2,288 requests were received. To meet the growing burdens, the FBI increased the number of personnel processing the FOIPA requests to 161. This number rivals the number of agents assigned to the headquarter's general investigatory section. Despite these efforts, the backlog is estimated to be about 6532 requests. (This means an approximate eight-month delay in processing the initial request.)

Furthermore, it should be noted that plaintiffs' request covers extensive information. At least 29 main file volumes exist on Eldridge Cleaver, and both plaintiffs appear in several other files. Each volume contains approximately 200 pages.

In view of the history of the FOIPA and the Agency's experience with requests under the Act as cited above, it would appear that the backlog with which the Agency is now faced was not predictable or expected; indeed, it is exceptional. Under the circumstances, the Agency has shown to the satisfaction of the Court that it has exercised due diligence under exceptional circumstances as concerns the initial processing of requests, and has responded in an equitable manner through the implementation of the chronological policy.

The Court, therefore, holds that the FBI is in compliance with the Act under 5

U.S.C. § 552(a)(6)(C). The Court notes in passing that the result may well present a particular hardship for the plaintiffs; however, the Court can only interpret the law as written. Changes to the law by way of exceptions to the manner in which the Act is implemented which would amend the policy herein, or additional funds to provide sufficient manpower to implement the Act can only come from Congress.[1]

Since plaintiffs have structured their complaint as an action to compel an agency response prior to Mr. Cleaver's trial commencing June 14, 1976, and the testimony has indicated that the instant request will not be processed by that time under the chronological policy which the Court has upheld, the Court will not exercise its discretion to retain jurisdiction under 5 U.S.C. § 552(a)(6)(C), and judgment will be entered for defendants.

---

1. During the May 26, 1976 hearing, James J. McDermott, Assistant Director Administrative Services, FBI, indicated that a bill, H.R. 12975, has been introduced into the House Subcommittee on Government Information and Individual Rights which would amend the FOIA and permit an agency thirty days additional processing time for each 200 pages of documents. Thus, in a case such as the instant action, the bill would give the Agency 2½ years to complete just the initial review. The spirit and language of the 1974 amendments to the FOIA gives life to the concept of the public's right to know and enunciates a national policy requiring prompt and complete disclosure of information. It would appear to this Court that the solution is in added manpower and training so that agencies may conform their conduct to the requirements of 552(a)(6)(A) and upon initial review of the documents withhold only those items specifically exempted from disclosure under a narrow reading of the Act as opposed to provisions giving extensive time delays.