**Eldridge CLEAVER and Kathleen Cleaver, Plaintiffs,**

v.

**Clarence M. KELLEY et al., Defendants.**

**Civ. A. No. 76–795.**

United States District Court, District of Columbia.

Dec. 22, 1976.

Terry F. Lenzner, Robert B. Cornell, Washington, D. C., for plaintiffs.

Rex E. Lee, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., Joseph Guerrieri, Bruce Titus, Barbara L. Ward, Asst. U. S. Attys., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM ORDER

JUNE L. GREEN, District Judge.

This matter is presently before the Court on plaintiffs' request for expedited consideration on remand, and defendants' motion to supplement this Court's May 27, 1976 opinion filed herein. The relevant background facts are set forth in the aforementioned opinion, *Cleaver v. Kelley,* D.C., 415 F.Supp. 174, and incorporated herein by reference.

Briefly stated, plaintiffs filed a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, February 27, 1976 with defendants herein, seeking all files relating to the activities of Kathleen and Eldridge Cleaver, and further requesting expedited treatment of the matter because of Mr. Cleaver's upcoming criminal trial. The defendants refused to process the request, not only on an expedited basis, but also under the time limits of the Act,

citing their "chronological policy". This Court denied plaintiffs' preliminary injunction, finding that exceptional circumstances existed with the FOIA request backlog, thereby justifying the delay in processing, and plaintiffs appealed. The chronological approach was further affirmed by the United States Court of Appeals in *Open America et al. v. The Watergate Special Prosecution Force et al.,* 547 F.2d 605 (D.C.Cir., decided July 7, 1976).

This matter is presently on remand to determine whether "some exceptional need or urgency justifies putting appellants' request ahead of all other requests received prior thereto". *Cleaver v. Kelley,* No. 76–1831 (D.C.Cir., decided November 23, 1976), Slip Op. at 2 (citing *Open America, supra,* at 615), petition for rehearing denied December 7, 1976. The parties have agreed to rest on the existing record.

Mr. Cleaver is now scheduled for trial in California State Court on January 24, 1977 on a six-count indictment charging attempted murder and assault with a deadly weapon. Because Mr. Cleaver faces criminal prosecution, which in the end could mean his loss of freedom or life, he is confronted with an exceptional and urgent need to obtain any and all information that could prove exculpatory.

It has come to public attention, furthermore, that the Federal Bureau of Investigation (FBI) engaged in covert activities designed to injure plaintiffs and the Black Panther Party. Senate Select Committee on Intelligence Activities, 94th Cong., 2d Sess., No. 94–755, *Final Report on Intelligence Activities and the Rights of Americans,* (1976). These activities, which included the encouragement of local police to institute raids and harass members of target groups, occurred during the time surrounding the allegations in the indictment in which Mr. Cleaver is charged. The defendants, therefore, may well have information which would aid Mr. Cleaver's defense and which might not be available in state files.

In view of these findings, the Court concludes that an exceptional and urgent need

does exist which justifies putting this request ahead of other requests.[1] The public interest lies in assuring a complete and thorough adjudication of criminal matters. Such an interest outweighs that of those seeking material in the pursuit of less fundamental rights.

In accordance with the foregoing, it is by the Court this 22nd day of December 1976,

ORDERED that plaintiffs' motion for a preliminary injunction should be and the same hereby is granted; and it is further

ORDERED that defendants, their agents, servants, employees and attorneys are restrained from refusing to process plaintiffs' request which, as narrowed and defined by their May 21, 1976 letter addressed to Quinlan Shea, Jr., Chief, Freedom of Information and Privacy Unit, Department of Justice, includes all information concerning "covert law enforcement and counterintelligence activities by the Federal Bureau of Investigation, acting alone or in collaboration with California local and state police authorities, directed against Eldridge and Kathleen Cleaver and the California branches of the Black Panther Party of which they were a part, for the time period August 1967 through April 1968"; and it is further

ORDERED that the defendants shall file by January 12, 1977 an index, which includes the FBI documents' serial number, specifying the documents or portions of documents for which exemptions are claimed, and a *detailed* justification for withholding *each* document or portion thereof; and it is further

ORDERED that all documents for which exemptions are not sought shall be produced for plaintiffs by January 12, 1977.

---

1. It is noted that testimony taken before this Court indicated that the FBI is facing an approximate eight-month delay in processing initial requests. Plaintiffs' initial request is now ten months old and thus theoretically should be close to the processing stage under the so-called "chronological processing policy".