United States Court of Appeals,
Fifth Circuit.

No. 93-1165.

Ricky Eugene MORROW, Plaintiff-Appellant,

v.

FBI and U.S. Department of Justice, Defendants-Appellees.

Sept. 29, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before WIENER, EMILIO M. GARZA, Circuit Judges, and LITTLE[*], District Judge.

EMILIO M. GARZA, Circuit Judge:

In this case of first impression in this Circuit, we must determine whether the district court abused its discretion by dismissing as frivolous Ricky Eugene Morrow's complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1988). Finding that the court abused its discretion, we vacate and remand.

I

Morrow is a death row inmate in the custody of the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID") at Huntsville. Morrow submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), seeking copies of all documents and photographs concerning his arrest. Morrow alleged that he needed the documents to prove that state and local authorities used fabricated evidence to convict him.

Morrow submitted his request on April 30, 1992. By letter dated June 26, 1992, Morrow was advised that because of numerous pending requests, he could expect a delay of many months before his request was handled in turn. Morrow subsequently asked that the FBI expedite his request because of his death sentence and his fear that he might be executed before his request was serviced. The FBI advised Morrow that his circumstances did not demonstrate the "exceptional need or urgency" required to process his request out-of-turn. Morrow appealed the FBI's denial of his

---

[*]District Judge of the Western District of Louisiana, sitting by designation.

request for expedited service to the United States Department of Justice ("DOJ"). After failing to hear from the DOJ within twenty working days, Morrow filed two complaints in the federal district court.[1]

Morrow's first complaint challenged the FBI's "improper withholding ... of written and photographic records," Record on Appeal at 2, and asked that the district court compel the FBI to comply with his document request. His second complaint asked that the district court compel the FBI to expedite processing of his FOIA request.[2] Construing the complaints as only contesting the denial of expedited service, the magistrate judge found "no indication that [Morrow's] execution [wa]s imminent," and concluded that Morrow's complaint presented "no exceptional circumstances or urgency ... requir[ing] expedited handling of his FOIA request." Record on Appeal at 47. The magistrate judge therefore recommended that Morrow's complaint[3] be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(d) (1988). The district court entered judgment in accordance with the magistrate judge's recommendation, and Morrow filed a timely notice of appeal.[4]

## II

We review a dismissal of an IFP complaint under § 1915(d) for abuse of discretion. *Denton v. Hernandez,* --- U.S. ----, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992). An IFP complaint may be dismissed under § 1915(d) as frivolous if it lacks an arguable basis in law or fact. *Nietzke v.*

---

[1]Generally, an agency must comply with or deny a FOIA request within ten working days of receipt of the request and must respond to an appeal within twenty working days of receipt of the appeal. *See* 5 U.S.C. § 552(a)(6)(A). Because neither the FBI, nor the DOJ, have yet acted upon Morrow's FOIA request or appeal from the denial of his expedited-service request, Morrow constructively exhausted his administrative remedies, thereby allowing him to file suit in the federal district court. *See* 5 U.S.C. § 552(a)(6)(C) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").

[2]We liberally construe Morrow's pro se complaints, *see United States v. Weathersby,* 958 F.2d 65, 66 (5th Cir.1992), to also challenge the FBI's failure to service his FOIA request within the ten-day requirement. *See* 5 U.S.C. § 552(a)(6)(A)(i).

[3]The magistrate judge treated Morrow's separate complaints as one; for the remainder of this opinion, we will do likewise.

[4]We subsequently granted Morrow's motion to expedite his appeal.

*Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

Morrow contends that the district court abused its discretion by dismissing his complaint—challenging, *inter alia,* the FBI's failure to meet FOIA's ten-day requirement—as frivolous.[5]  *See* Brief for Morrow at 7.  In an action based upon § 552(a)(6)(C) to enforce FOIA's time requirements, the issue is not whether an information seeker should have ultimate access to the records.  *See Open America v. Watergate Special Prosecution Force,* 547 F.2d 605, 607 (D.C.Cir.1976).  Rather, the issue is under what time constraints administrative agencies should be compelled to act by the court at the bequest of an information seeker.  *See id.* at 607-08.  Section 552(a)(6)(A) provides:

> Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall—
>
> (i) determine within ten [working] days ... after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination....

Once suit is filed in the district court to enforce this ten-day requirement, the court may determine that the agency has been diligently working on the request, but has been unable to meet the deadline due to exceptional circumstances, and may grant an extension of time to allow the agency to finish reviewing the request.  *See* 5 U.S.C. § 552(a)(6)(C).  The court in *Open America* held that exceptional circumstances may exist "when an agency ... is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, [or] when the existing resources are inadequate to deal with the volume of such requests."  *See id.,* 547 F.2d at 616; *but see Caifano v. Wampler,* 588 F.Supp. 1392, 1394 (N.D.Ill.1984) (stating that allowing agencies to take advantage of the "exceptional circumstances" provision because of inadequate staffing would effectively swallow the 10-day requirement of the statute); *Hamlin v. Kelley,* 433 F.Supp. 180, 182 (N.D.Ill.1977) (same).  The court in *Open America* also held that an agency exhibits due diligence when it assigns

---

[5]Notifying Morrow that servicing his request would involve a "delay of many months," does not qualify as an agency determination of a FOIA request.  *See* 5 U.S.C. § 552(a)(6)(A)(i) (stating that agency must "determine within ten [working] days whether to comply with [a FOIA] request"); *Open America,* 547 F.2d at 608-610 (interpreting § 552(a)(6)(A)(i) to require that an agency either comply with or deny a FOIA request within ten working days).

all FOIA requests on a "first-in, first-out basis, except those where exceptional need or urgency is shown." *Open America,* 547 F.2d at 616; *see also* Record on Appeal at 31 (U.S. Department of Justice Guidelines) (adopting *Open America's* standard for granting expedited service of FOIA requests).

Even assuming, *arguendo,* that Morrow has presented no exceptional need or urgency warranting out-of-turn treatment, the FBI retained the burden of establishing that it exercised due diligence in not processing Morrow's request in accordance with FOIA's ten-day requirement. *See Open America,* 547 F.2d at 615-16 ("We believe also that Congress wished to reserve the role of the courts for two occasions, (1) when the agency was not showing due diligence in processing plaintiff's individual request or was lax overall in meeting its obligations under the Act with all available resources, and (2) when plaintiff can show a genuine need and reason for urgency in gaining access to Government records ahead of prior applicants for information."); *see also Exner v. Federal Bureau of Investigation,* 542 F.2d 1121, 1123 (9th Cir.1976) (stating that FBI has burden to establish exceptional circumstances and that it has exercised due diligence when suit is brought to compel servicing of a FOIA request within specified time limits). The FBI has not been summoned to answer Morrow's complaint; therefore, it has not alleged, much less shown, that it has exercised due diligence in not timely processing Morrow's FOIA's request. We have found no case in which a court has denied relief under § 552(a)(6)(C), when the agency has not alleged due diligence. Consequently, Morrow's complaint, which challenged the FBI's failure to meet FOIA's specified time limits, had an arguable basis in law and fact. Because the district court's dismissal of the complaint was premature, we vacate the dismissal, and remand for a determination whether exceptional circumstances exist and whether the FBI has exercised due diligence.

We decline to address the merits of Morrow's FOIA request—i.e., whether he ultimately should have access to the records.[6] Indeed, on remand, the FBI may prove that the requested records

---

[6]For this reason, we conclude that Morrow's request for attorneys' fees is not ripe for review. *See* 5 U.S.C. § 552(a)(4)(E) ("The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.").

are exempt from disclosure.[7] Furthermore, we make no judgment at this time as to whether Morrow must show an imminent execution date to warrant expedited processing of his request.[8] We hold only that the district court's dismissal of Morrow's complaint challenging the FBI's failure to comply with FOIA's ten-day requirement—before the FBI has been given the opportunity to show that it acted with due diligence and that exceptional circumstances caused the delay in servicing Morrow's request—constituted an abuse of discretion.

III

For the foregoing reasons, we VACATE and REMAND.

WIENER, Circuit Judge, concurring:

I concur in the foregoing opinion and in the result. I write separately only to add that I do not think we have gone far enough in this instance. Plaintiff-Appellant Morrow has been on death row in Texas for some eleven years. He is certainly in the zone of immediate jeopardy of a death warrant which, when issued, starts a 30-day countdown to execution—a countdown that can only be interrupted by the grant of an extraordinary writ or order from a state or federal court. The process for obtaining such relief begins and usually ends with a petition for writ of habeas corpus. Under such current jurisprudence as *McCleskey v. Zant,*[9] the first such petition had best contain all claims and theories lest subsequent attempts should be met with objections of abuse of the writ. Given Morrow's Damoclean position from the time he has been on death row, I believe this court should state, in addition to all else that is stated in the majority opinion, that Morrow has presented

---

[7]*See* 5 U.S.C. § 552(a)(4)(B) ("On complaint, the district court of the United States ... has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records ... shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action.").

[8]No cases have addressed the issue whether a death row inmate, when making a FOIA request to aid in the preparation of a habeas corpus petition, shows an exceptional need or urgency warranting expedited service. *See generally Cleaver v. Kelley,* 427 F.Supp. 80, 81 (D.D.C.1976) (holding that FOIA request made by plaintiff facing criminal prosecution with death as possible sentence, exhibited exceptional and urgent need).

[9]499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

facts constituting exceptional circumstances and urgency requiring expedited handling of his FOIA request, entitling him to have his request "go to the head of the line" in the cognizant section of the FBI for handling.