**ELECTRONIC PRIVACY INFORMATION CENTER, Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGATION, Defendant.**

**Civ. A. No. 94–1720 (CRR).**

United States District Court, District of Columbia.

Oct. 5, 1994.

David L. Sobel and Marc Rotenberg, Electronic Privacy Information Center, for plaintiff.

Eric H. Holder, Jr., U.S. Atty., John D. Bates and Kimberly N. Tarver, Asst. U.S. Attys., William R. Treseder, F.B.I., for defendant.

### Order

CHARLES R. RICHEY, District Judge.

The Court held a status conference in the above-captioned case on October 3, 1994, pursuant to Rule 16 of the Federal Rules of Civil Procedure. At that time the Court discussed the status of the case, set a schedule to govern the proceedings, and discussed the Defendant's Motion to Stay Proceedings which was before the Court.

### Background

This case began when the Plaintiff filed a Freedom of Information Act ("FOIA") action requesting release of certain documents referred to by F.B.I. Director Louis J. Freeh in his efforts to secure a new wiretapping law. Specifically, the Director testified and gave a speech that referred to "informal surveys" of state and local law enforcement authorities. According to the Director, these surveys are indicative of the problems that authorities have encountered in their attempts to implement court orders for electronic surveillance under current law.

In response to the Plaintiff's filing of this lawsuit, the FBI filed a Motion to Stay proceedings until September 20, 1997 [1] pursuant to *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C.Cir.1976)

---

1. Initially there was some confusion as to the date requested for the Stay. The Defendant's Motion sought June 1999, while Defendant's Proposed Order requested September 20, 1997 as the date for lifting the Stay. At the Court's October 3, 1994, status conference, counsel for the FBI indicated that September 20, 1997 was the correct date; the June 1999 date was requested in error.

**2**

("*Open America*"). The Court finds that the Defendant's Motion to Stay shall be denied.

*Discussion*

The Freedom of Information Act allows agencies to have additional time to process records when the agency can show the existence of exceptional circumstances and that it is exercising due diligence in its efforts to process the records. 5 U.S.C. § 552(a)(6)(C). The "exceptional circumstances" provision of the FOIA has been interpreted by this Circuit in *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C.Cir. 1976). In that case, the court held that an agency shows exceptional circumstances exist when an agency is flooded with an unanticipated number of requests that can not be timely processed, despite its efforts to exercise "due diligence" in fulfilling requests. *Id.* at 616.

In their Motion, the Defendant claims to have met this standard, chiefly, because they presently have a back-log of over 11,651 pending requests that can not be processed more quickly with existing resources. (Def.'s Mot. to Stay Proceedings at 4.)

Nevertheless, the Defendant's Motion to Stay shall be denied for two reasons. First, *Open America* is inapposite to the instant situation. In lobbying for the new wiretapping law, the FBI chose to only release a summary of the disputed documents. Consequently, these documents, unlike the *Open America* documents, have already been reviewed by the FBI and do not require a new "word-by-word, paragraph-by-paragraph review of the information," (Def.'s Mot. to Stay Proceedings at 5), as suggested by the Defendant.

Second, the Department of Justice ("DOJ") has established a procedure for expediting requests that the FBI has yet to contest. Under the DOJ standard FOIA requests may be processed expeditiously if: (1) the information requested is exceptionally news worthy; and (2) the information sought involves "questions about the government's integrity." (Memorandum from United States Dep't. of Justice, Office of Public Affairs (Feb. 3, 19945)). Consequently this new DOJ standard, which may or may not apply

to this case, does not limit expedited processing to cases where the information is needed to prevent a threat to "life or personal safety, or substantial due process rights would be jeopardized by a failure to expedite," as argued by the Defendant. (Def.'s Mot. to Stay Proceedings at 9 (citing *Gonzalez v. DEA*, 2 GDS ¶ 81,016, at 81,069 (D.D.C.1980); *Cleaver v. Kelley*, 427 F.Supp. 80, 81 (D.D.C. 1976)). Based on the foregoing reasons, the Court rules that these proceedings shall not be stayed.

Accordingly, it is, by the Court this 5th day of October 1994,

ORDERED that Defendant's Motion to Stay Proceedings shall be DENIED; and it is

FURTHER ORDERED that on or before 4:00 p.m. on November 1st, 1994, Defendant shall review the documents memorializing the "informal survey," and file said documents with the Court for an *in camera* review by the Court, or the Defendants shall file a *Vaughn* Index; and it is

FURTHER ORDERED that the parties shall file Cross–Motions for Summary Judgement on or before 4:00 p.m. on November, 4, 1994; they shall file their Oppositions on or before 4:00 p.m. on November 15, 1994; and they shall file their Replies, if any, on or before November 23, 1994.