# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10291
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALICIA LOUISE SILLER,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 6:03-CR-25-5

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Alicia Louise Siller, federal prisoner # 30235-177, proceeding pro se, appeals the district court's denial of her 18 U.S.C. § 3582(c)(2) motion for a reduction in sentence based on Amendment 782 to the Sentencing Guidelines. In her appellate brief, which we liberally construe, *see Morrow v. FBI*, 2 F.3d 642, 643 n.2 (5th Cir. 1993), Siller asserts that the district court abused its discretion in denying her motion for a sentence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduction. Siller notes that she was eligible for a sentence reduction, and she contends that a reduction was warranted in view of the sentencing factors of 18 U.S.C. § 3553(a) because (1) her post-sentencing conduct has been good, (2) she will not pose a threat to any person or to the community upon release, and (3) her risk of recidivism is low.

The district court's decision to deny the motion, despite Siller's eligibility for a sentence reduction, is reviewed for abuse of discretion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

The district court had before it (1) Siller's arguments in favor of a sentence reduction; (2) the government's opposition to the requested sentencing reduction, in which it urged that Siller's § 3582(c)(2) motion be denied in view of Siller's obstruction of justice, her use of a minor to facilitate her drug activities, and her six disciplinary infractions while incarcerated; and (3) the probation officer's Amendment 782 Worksheet, which stated the original and reduced guidelines ranges, provided information on Siller's criminal history and her offense conduct, and included a synopsis of her post-sentencing conduct. Although the district court's order did not specifically discuss the parties' contentions, we may assume that the district court considered them in reaching its conclusion. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). The record reflects that the district court gave due consideration to the § 3582(c)(2) motion as a whole and took into account the § 3553(a) factors, so Siller cannot show that the denial of her § 3582(c)(2) motion was an abuse of discretion. *See Henderson*, 636 F.3d at 718. The judgment of the district court is AFFIRMED.