# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10094
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO MALDANADO ANCELMO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-129-14

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Francisco Maldonado Ancelmo, federal prisoner # 50914-177, is serving a 260-month term of imprisonment, which was imposed following his jury trial conviction of conspiracy to possess with intent to distribute methamphetamine. He did not pursue a direct appeal.

In December 2017, Ancelmo filed a motion in which he requested that the district court conduct an evidentiary hearing to determine whether his trial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10094

counsel had provided constitutionally adequate representation.  Among other claims, Ancelmo contended that his trial counsel had violated his due process rights by failing to file a notice of appeal.  The district court denied the motion for an evidentiary hearing, and this appeal followed.

Ancelmo has filed a pro se brief in which he raises closely related claims that his constitutional rights were abridged because his trial counsel was not fit to serve as his attorney and provided incompetent representation in his criminal case.  He asserts that the district court should have conducted an evidentiary hearing.  Ancelmo indicates that he is seeking an out-of-time appeal.

"We have frequently instructed district courts to determine the true nature of a pleading by its substance, not its label." *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005).  Taken as a whole, Ancelmo's district court pleadings indicate a desire to attack the constitutionality of his criminal conviction and sentence, and the primary means of doing so is a motion under 28 U.S.C. § 2255.  *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  In view of the foregoing, the district court should have liberally construed Ancelmo's motion for an evidentiary hearing as a § 2255 motion.  *See Morrow v. FBI*, 2 F.3d 642, 643 n.2 (5th Cir. 1993).

Accordingly, we vacate the judgment of the district court and remand for further proceedings.  We remind the district court that, on remand, it should comply with *Castro v. United States*, 540 U.S. 375, 381-83 (2003), by notifying Ancelmo that it intends to recharacterize his motion for an evidentiary hearing as a § 2255 motion, warning him that any subsequent § 2255 motion will be subject to second or successive restrictions, and providing Ancelmo an opportunity to withdraw his motion or amend the motion to include all of his

No. 18-10094

claims.  We express no opinion as to the merit of Ancelmo's claims, nor do we express an opinion as to whether the claims are timely under § 2255(f).

VACATED AND REMANDED.