# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2021

Lyle W. Cayce
Clerk

No. 19-60608
Summary Calendar

Jaswinder Singh,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 586 489

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Jaswinder Singh petitions for review of a decision of the Board of Immigration Appeals (BIA). The BIA dismissed an appeal from an order of the immigration judge (IJ) denying withholding of removal and relief under the Convention Against Torture (CAT). Singh contends that the BIA erred

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

in upholding the IJ's adverse credibility determination, denying withholding of removal, and denying relief under the CAT.  For the reasons set forth below, we deny the petition for review.

Credibility determinations are factual findings that are reviewed for substantial evidence.  *See Wang*, 569 F.3d at 536-40.  Thus, they must (1) be based on the evidence presented and (2) be substantially reasonable.  *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).  Under the substantial evidence standard, this court may not reverse an immigration court's factual findings unless the evidence "compels" such a reversal—i.e., the evidence must be "so compelling that no reasonable factfinder could conclude against it."  *Id.* at 536-37; *see* 8 U.S.C. § 1252(b)(4)(B).  The IJ and the BIA "may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible."  *Wang*, 569 F.3d at 538-39 (internal quotation marks and citation omitted).

Singh argues that the record evidences a consistent basis for relief throughout, thus demonstrating his credibility.  Construing Singh's pro se brief liberally, *see Morrow v. FBI*, 2 F.3d 642, 643 n.2 (5th Cir. 1993), he has raised sufficient arguments for review of the adverse credibility determination.  The Government's argument that Singh waived review of the adverse credibility determination lacks merit.

The IJ based his determination on Singh's testimony at the merits hearing, Singh's prior statements, and the evidence Singh submitted in support of his application.  Several specific inconsistencies between Singh's prior statements, testimony at the hearing, and evidence presented were identified.  These specific and cogent reasons derived from the record support the IJ's conclusions.  The IJ's credibility determination is based on the evidence presented and is substantially reasonable.  In view of the

No. 19-60608

foregoing, Singh fails to show that the agency's adverse credibility determination is erroneous. Without credible evidence, the IJ had no basis upon which to grant withholding of removal. *See Chun v. I.N.S.*, 40 F.3d 76, 79 (5th Cir. 1994).

Even if Singh was a credible witness, withholding of removal would still not have been proper. To establish a claim for withholding of removal, an applicant must show that "it is more likely than not" that his life or freedom would be threatened by persecution on account of one of the five categories mentioned under asylum—race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b)(1); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). If the persecution feared is not motivated by one of the statutory grounds, the alien is ineligible for withholding of removal even if the threat of persecution or harassment is credible. *See Majd v. Gonzales*, 446 F.3d 590, 596-97 (5th Cir. 2006). Although Singh has consistently alleged that he is in danger due to an outstanding debt, he has not established that it is more likely than not that he would be persecuted on account of one of the statutory grounds if he returned to India.

Singh is also not entitled to relief under the CAT. "To secure relief under CAT, an alien does not need to show persecution based on one of the five protected characteristics for claims of asylum and withholding of removal." *Mwembie v. Gonzales*, 443 F.3d 405, 415 (5th Cir. 2006). Rather, a claim for protection under the CAT requires the alien to show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *see Efe*, 293 F.3d at 907. Accordingly, a CAT claim requires an analysis separate from a withholding of removal claim. *Efe*, 293 F.3d at 906.

Singh's CAT claim is based on the same factual premise as his withholding claim. Accordingly, Singh's ability to access relief under the CAT rests on the credibility of Singh's assertions that he would be tortured by the Badal party if he were to return to India. *See Dayo v. Holder*, 687 F.3d 653, 659 (5th Cir. 2012) ("because the same lack of evidence means that Dayo cannot show he will be tortured, he is not entitled to relief under the CAT."). Given the IJ's well-founded adverse credibility determination, Singh "has not shown the evidence is so compelling that no reasonable fact finder could fail to find [him] eligible for CAT relief." *Roy v. Ashcroft*, 389 F.3d 132, 140 (5th Cir. 2004).

PETITION FOR REVIEW DENIED.