# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2021

Lyle W. Cayce
Clerk

No. 20-30419
Summary Calendar

In re: Stanley Price,

*Appellant.*

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-MC-1448

Before Dennis, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Stanley Price moves for leave to proceed in forma pauperis (IFP) in this appeal from an order of the district court that prohibits future filings and/or submissions made by or on behalf of Price unless he first obtains authorization from a district judge. As noted by the district court, Price has developed a pattern of filing civil actions against federal and state judges based on their unfavorable judicial decisions, and he has done so even though he has been made aware that "judges enjoy absolute immunity for judicial acts performed in judicial proceedings." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30419

By moving to proceed IFP on appeal, Price has challenged the district court's certification that the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). If we uphold the district court's certification that the appeal is not taken in good faith, Price must pay the appellate filing fee or the appeal will be dismissed for want of prosecution. *See Baugh*, 117 F.3d at 202. Alternatively, "where the merits are so intertwined with the certification decision as to constitute the same issue," we may deny the IFP motion and dismiss the appeal sua sponte if it is frivolous. *Id.* at 202 & n.24; *see* 5TH CIR. R. 42.2.

Price contends that the filing restrictions infringe on his constitutional rights. We have recognized a constitutional right of access to the courts, *see Ryland v. Shapiro*, 708 F.2d 967, 971-73 (5th Cir. 1983). However, "[t]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 193 (5th Cir. 2008) (internal quotation marks and citation omitted). Further, we have determined that barring a litigant from filing future complaints without the consent of the court is an appropriate sanction for filing multiple meritless lawsuits. *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

Next, Price contends that the district judge who issued the instant sanction order is personally biased against him, and he argues that the judge has violated her oath of office because she has allowed judicial officials to violate his rights; further, he contends that the judge should recuse herself from hearing any cases involving him or his family. However, Price's assertions of judicial bias are seemingly based on the orders issued in the

instant case, as well as adverse judicial rulings issued by other judges in cases already concluded. Price's contentions are thus unavailing, as judicial rulings, standing alone, almost never constitute a valid basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Finally, when his pro se filings are liberally construed, *see Morrow v. FBI*, 2 F.3d 642, 643 n.2 (5th Cir. 1993), Price seems to contend that the district court abused its discretion in imposing the filing restrictions. He asserts that other judges did not conclude that sanctions were warranted.

In determining whether to impose a pre-filing injunction, "a court must weigh all the relevant circumstances," including the following factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Baum*, 513 F.3d at 189.

Here, the district court explicitly considered the enumerated factors, and it also took into account other relevant circumstances. Price has made no showing that the district court abused its discretion in deciding to issue a pre-filing injunction. *See Qureshi v. United States*, 523, 524 (5th Cir. 2010).

Price has not demonstrated that his appeal involves "legal points arguable on their merits." *Howard*, 707 F.2d at 220. Thus, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.