# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2021

Lyle W. Cayce
Clerk

No. 19-20801
Summary Calendar

Juan Modesto Berlanga,

*Plaintiff—Appellant*,

*versus*

Captain Jason S. Easterling; Lieutenant Marshall,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1580

Before Smith, Stewart, and Graves, *Circuit Judges.*

Per Curiam:*

Juan Modesto Berlanga, formerly Texas prisoner # 722788, was an inmate at the Wynne Unit when he filed a pro se civil rights complaint. The district court dismissed the civil action for failure to state claim, and it denied Berlanga's motion for reconsideration. *See* Fed. R. Civ. P. 59(e). The

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

instant appeal, which Berlanga filed from a detention facility, is taken from an order that (1) denied motions based on newly discovered evidence that were treated as motions for relief from the judgment, and (2) denied a request for an extension of time to file a notice of appeal. *See* FED. R. CIV. P. 60(b); FED. R. APP. P. 4(a)(5). The Rule 60(b) motions did not bring up the underlying judgment for review. *See Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010).

Berlanga's pro se briefs include recitations of the allegations made in his complaint regarding the sexual assault and harassment he experienced at the Wynne Unit. Additionally, Berlanga contends that, at his current detention facility, he met a former inmate who is familiar with what happened to him at the Wynne Unit, and he asserts that the former inmate has agreed to testify in his behalf. Because Berlanga's pro se briefs are entitled to liberal construction, *see Morrow v. FBI*, 2 F.3d 642, 643 n.2 (5th Cir. 1993), we regard the above contentions, which essentially restate the bases for Berlanga's Rule 60(b) motions based on newly discovered evidence, as challenging the district court's denial of these motions.

Pursuant to Federal Rule of Civil Procedure 60(b)(2), a litigant may obtain relief from a judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). To succeed on a Rule 60(b)(2) motion, the "movant must demonstrate: (1) that [he] exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003). Berlanga has not shown that the district court abused its discretion in denying his Rule 60(b) motions. *See Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871 (5th Cir. 1989).

No. 19-20801

Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Berlanga's briefs contains no argument that can be liberally construed as a challenge to the district court's denial of his motion for an extension of time to file a notice of appeal. Because Berlanga has failed to brief any such challenge, the issue is deemed abandoned. *See Yohey*, 985 F.2d at 225; *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Berlanga's appeal is frivolous and entirely without merit, and it is therefore DISMISSED. *See* 5TH CIR. R. 42.2. The district court's dismissal of Berlanga's civil action for failure to state claim counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Berlanga is WARNED that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).