# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2025

Lyle W. Cayce
Clerk

_____

No. 23-50660

_____

Rosa Serrano,

*Plaintiff—Appellant*,

*versus*

Honorable Virgil Mulanax; Honorable Yvonne Rodriguez; Honorable Gina Palafox; Honorable Ann Crawford McClure,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:22-CV-453

_____

Before Southwick, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Rosa Serrano, formerly Texas prisoner # 2151723, moves for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of her declaratory judgment action. Serrano's IFP motion is a challenge to the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In her pro se IFP brief, Serrano seemingly contends that Federal District Judge Frank Montalvo and other judges of the El Paso Division of the Western District of Texas are biased against her. She asserts that the judges in question have issued incorrect rulings, and she alleges that state actors in the El Paso area have violated her civil rights. However, adverse rulings, except in circumstances that are not present here, are insufficient to show judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Serrano also asserts what she characterizes as due process violations and abuses of the district court's discretion. Because the events underlying her action occurred in the El Paso Division, Serrano's challenge to the propriety of the order transferring her action does not raise a nonfrivolous issue. *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998). To the extent Serrano asserts that the district court abused its discretion in an order issued on November 9, 2017, no nonfrivolous issue is raised because the order in question is not before the court in this appeal.

Primarily, Serrano renews arguments raised in her complaint regarding state court litigation involving a lien on property and litigation related to state court contempt orders. She faults the district court for failing to address the merits of her request for a declaratory judgment. However, the district court dismissed the complaint on grounds that the present action was malicious and that Serrano had failed to comply with the district court's pre-filing injunction. The district court was not required to reach issues unnecessary to its decision. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

At no point in her briefing does Serrano meaningfully address the district court's stated reasons for dismissing her action and for its certification decision. Although her pro se filings are entitled to liberal

construction, *see Morrow v. F.B.I.*, 2 F.3d 642, 643 n.2 (5th Cir. 1993), she still must brief arguments to preserve them, *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Claims not argued in the body of the brief are deemed abandoned on appeal. *Id.* Serrano's failure to address the district court's reasons for the certification and the dismissal of her action is the same as if she had not challenged the district court's order. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In view of the foregoing, Serrano has failed to show that "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Serrano's motion to recuse Judge Montalvo is DENIED. Her motion to vacate the district court's order of March 26, 2007, is also DENIED. To the extent that Serrano moves for additional forms of relief, any and all such requests are DENIED.

The district court's dismissal of Serrano's action counts as a strike pursuant to 28 U.S.C. § 1915(g). Serrano has previously incurred a strike. *See Serrano v. Crawford-McClure*, 839 F. App'x 931, 932 (5th Cir. 2021). Serrano is WARNED that if she accumulates three strikes, she will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Further, in view of her history of vexatious and repetitive litigation, Serrano is WARNED that additional frivolous or repetitive filings or appeals may subject her to sanctions, including monetary sanctions and restrictions on access to federal courts. *See* FED. R. APP. P. 38; *Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987).