# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-50401
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HERNALDO PEREA BELTRAN,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:00-CR-46-1

---

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Hernaldo Perea Beltran, federal prisoner # 51158-180, appeals the district court's denial of his motion pursuant to 18 U.S.C. § 3582(c)(2) based on Subpart 1 of Part B of Amendment 821 to the Sentencing Guidelines. The motion requested a reduction of Perea Beltran's current 342-month sentence of imprisonment for conspiring to distribute and to possess with the intent to

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50401

distribute over five kilograms of cocaine. The district court denied the § 3582(c)(2) motion based on a determination that Perea Beltran was not eligible for a decrease of two offense levels as a zero-point offender pursuant to Amendment 821 because he did not satisfy all the criteria under U.S.S.G. § 4C1.1(a) (2023).

When his pro se appellate brief is given liberal construction, *see Morrow v. FBI*, 2 F.3d 642, 643 n.2 (5th Cir. 1993), Perea Beltran contends that he qualifies for a sentence reduction under Amendment 821 because he has zero criminal history points. However, because he received an aggravating role adjustment under U.S.S.G. § 3B1.1, Perea Beltran was not eligible for the two-point decrease in his offense level. *See* § 4C.1.1(a)(10). In light of the foregoing, the district court did not err in denying Perea Beltran's § 3582(c)(2) motion. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

Accordingly, the decision of the district court is AFFIRMED.