# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-20568

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2025

Lyle W. Cayce
Clerk

Diana I. Reismann Sexton,

*Plaintiff—Appellant*,

*versus*

Attorney Kalen Malone; Attorney Sarah Springer;
Attorney Mia Buratowski; Attorney Yanine Krohn;
Attorney Michelle Kestler,

*Defendants—Appellees*.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-MC-1857

———————————————————————————

Before Smith, Graves, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Diana I. Reismann Sexton moves to appeal in forma pauperis (IFP) in her appeal of the district court's dismissal of her civil action. To proceed IFP, a litigant must demonstrate both financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

———————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20568

Sexton's civil action arises from a divorce proceeding and a related child custody dispute in Texas state court. Sexton's complaint named numerous defendants, and she asserted violations of a broad range of constitutional provisions, statutes, and international agreements. She also alleged that the defendants had conspired against her. Sexton sought monetary damages and various forms of relief directed to the state court proceedings, including a declaration that the state court proceedings were unconstitutional. In an attenuated order, the district court sua sponte dismissed the complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). It provided no discussion of Sexton's claims and no explanation for its dismissal.

In her filings in this court, Sexton reiterates many of her claims. When her pro se filings are liberally construed, *see Morrow v. FBI*, 2 F.3d 642, 643 n.2 (5th Cir. 1993), Sexton argues that the district court erred by failing to provide an explanation for dismissing her claims as frivolous.

When as here, a district court dismisses an IFP complaint "'before service of process or before the filing of the answer,'" in our review "we consider, among other things, 'whether the court has provided a statement explaining the dismissal that facilitates intelligent appellate review.'" *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (citations omitted). While a district court is not required by rule to provide reasons when it dismisses for failure to state a claim, we have "required that the district court explain its reasons in sufficient detail to allow this [c]ourt to determine whether the district court correctly applied the proper legal rule." *Davis v. Bayless*, 70 F.3d 367, 376 (5th Cir. 1995). We have "not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons." *Id.*

No. 24-20568

As Sexton has demonstrated both financial eligibility and a nonfrivolous issue for appeal, we GRANT her IFP motion. Further, because the district court failed to provide an adequate explanation for dismissing Sexton's complaint, we VACATE the district court's order and REMAND this matter for further proceedings consistent with this opinion. In doing so, we express no opinion as to the plausibility or merits of Sexton's complaint.