# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-10649

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mark Stephen Galvez,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-298-1

———————————————————

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Mark Stephen Galvez, federal prisoner # 30792-177, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which relied on Amendment 782 to the Sentencing Guidelines. By moving for leave to proceed IFP, Galvez challenges the district court's certification decision that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

202 (5th Cir. 1997).  Our inquiry into Galvez's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Even when his pro se filings are liberally construed, *see Morrow v. FBI*, 2 F.3d 642, 643 n.2 (5th Cir. 1993), Galvez does not brief a challenge to the district court's determination that he was ineligible for a sentence reduction under § 3582(c)(2) based on Amendment 782.  Accordingly, he has waived the issue of his ineligibility.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In any event, as the district court discussed, because Amendment 782, which became effective on November 1, 2014, was incorporated into the 2021 Guidelines Manual which was used to determine Galvez's guidelines range at his original sentencing, his current guidelines range is not reduced by Amendment 782, and therefore he is not eligible for a sentence reduction under § 3582(c)(2) based on the amendment.  *See United States v. Quintanilla*, 868 F.3d 315, 318 (5th Cir. 2017); *United States v. Henderson*, 636 F.3d 713, 715, 717 (5th Cir. 2011); U.S.S.G. § 1B1.10(a)(2)(B), p.s.  Given his ineligibility for a sentence reduction, Galvez cannot demonstrate a nonfrivolous issue for appeal with respect to his contention that the district court erred by failing to discuss the 18 U.S.C. § 3553(a) factors.  *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).  Nor can he demonstrate a nonfrivolous issue for appeal based on his contention that he was not given an opportunity to review the probation officer's purported § 3582(c)(2) worksheet, as any error in this regard was harmless.  *See United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999).  Finally, to the extent that Galvez asserts in general terms that it is improper for a district court considering a § 3582(c)(2) motion to determine a specific drug quantity attributable to the

No. 25-10649

defendant where it did not do so at the original sentencing, and discusses the concept of "ghost dope," because he makes no cogent argument that the district court's disposition of his § 3582(c)(2) motion was affected thereby, he again fails to demonstrate a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220.

In view of the foregoing, Galvez's request for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202.